United States District Court
Southern District of Texas
FILED

SEP 30 2021

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
**ENTERED**
September 30, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| NELSON GARCIA DELGADO, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:21-CV-0092 |
| § | |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

Petitioner NELSON GARCIA DELGADO, proceeding pro se, has filed a Petition for a Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 (the "Petition"). (Dkt. No. 1). Petitioner is currently serving a sentence of life imprisonment in the Correctional Institutions Division of the Texas Department of Criminal Justice following a conviction by jury on two counts of capital murder out of the 332nd Judicial District Court of Hidalgo County. In seeking federal habeas review, Petitioner raises ostensible due process claims as to the sufficiency of the trial evidence and the trial court's jury instructions. (Dkt. No. 1 at 6; Dkt. No. 2).

Respondent has since made an appearance and filed a Motion for Summary Judgment (the "Summary Judgment Motion") (Dkt. No. 17) together with an electronic copy of the state court record (Dkt. No. 15).[1] Respondent seeks dismissal of the Petition on the grounds that it was filed outside the one-year limitations period imposed by 28 U.S.C. § 2244(d) of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). (Dkt. No. 17 at 12-18). In the alternative,

---

[1] Any citations to the state court record will refer to the docket entry, attachment, and page numbers appearing in the case management/electronic case-file (CM/ECF) system.

Respondent contends that Petitioner has failed to exhaust review of the evidentiary insufficiency claim before the state courts. (*Id.* at 8-9, 19-23). Petitioner argues through the Petition that he is entitled to equitable tolling of the limitations period. (Dkt. No. 2 at 2; Dkt. No. 3). Petitioner has also filed a response to the Summary Judgment Motion in the form of a Motion to Stay (Dkt. Nos. 20 & 21), requesting that he be allowed to exhaust his evidentiary insufficiency claim.

This case was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). After review of the record and relevant law, the Magistrate Judge RECOMMENDS that the Motion to Stay (Dkt. Nos. 20 & 21) be DENIED, that the Summary Judgment Motion (Dkt. No. 17) be GRANTED, that the Petition (Dkt. No. 1) be DENIED insofar as Respondent moves to dismiss the Petition on limitations grounds, and that this case be DISMISSED as time-barred. The Magistrate Judge also RECOMMENDS that a Certificate of Appealability be DENIED.

## I. PROCEDURAL HISTORY

The underlying offense of conviction involved Petitioner's choking and murder of Claudia Lorena Zamora, which also resulted in the death of their unborn child. *See Delgado v. State*, 2011 WL 1326644, at *1-3 (Tex. App.—Corpus Christi-Edinburg Apr. 7, 2011, no pet.) (mem. op.).

On December 20, 2007, a grand jury in Hidalgo County returned an indictment charging Petitioner with two counts of capital murder. (Dkt. No. 15-2 at 5).

On June 3, 2008, after a trial in the 332nd Judicial District Court, a petit jury found Petitioner guilty as charged and sentenced him to a term of life imprisonment. (*Id.* at 235-37).

Petitioner filed a direct appeal with the Thirteenth Court of Appeals of Texas through court-appointed appellate counsel. *See Delgado*, 2011 WL 1326644, at *1. The appellate issues raised

involved the two claims for relief at issue here. *See id.* at *3-14. On April 7, 2011, the court of appeals overruled both issues and affirmed the judgment of conviction. *Id.* at *1, *14.

Pursuant to Rule 68.2(a) of the Texas Rules of Appellate Procedure, Petitioner then had 30 days, or until May 9, 2011, to file a petition for discretionary review by the Texas Court of Criminal Appeals (the "TCCA").[2] *See* Tex. R. App. P. 68.2(a) ("The petition must be filed within 30 days after either the day the court of appeals' judgment was rendered or the day the last timely motion for rehearing or timely motion for en banc reconsideration was overruled by the court of appeals."). Instead of filing for discretionary review, counsel filed a motion for extension of time to seek a rehearing by the court of appeals, asking for an additional fifteen days or until May 24, 2011.[3] (Dkt. No. 15-25). The court of appeals granted the motion for an extension of time. (Dkt. No. 15-24). However, it does not appear that a motion for rehearing was ever filed.[4]

On November 29, 2012, Petitioner filed a pro se motion before the TCCA to submit an out-of-time petition for discretionary review.[5] (Dkt. No. 15-41 at 2-4). In support, Petitioner alleged that he was not made aware by appellate counsel as to the status of his direct appeal and only found

---

[2] Because the last day of the designated period fell on a Saturday, the period was extended to the next Monday. *See* Tex. R. App. P. 4.1(a).

[3] A court of appeals may extend the time for filing a motion for rehearing based on a motion filed no later than fifteen days after the last date for filing a motion for rehearing. *See* Tex. R. App. P. 49.8. A motion for rehearing must be filed within fifteen days after judgment is rendered. *See* Tex. R. App. P. 49.1.

[4] The docket sheet for the appellate proceedings can be accessed by querying the assigned case number, 13-08-00490-CR, through the Texas appellate courts' case search system, which is available at https://search.txcourts.gov/CaseSearch.aspx.

[5] This is the date Petitioner signed the motion. (Dkt. No. 15-41 at 4). Under Texas' prison mailbox rule, the pleadings of pro se inmates are deemed filed when they are delivered to prison authorities for forwarding to the court clerk. *Richards v. Thaler*, 710 F.3d 573, 577-79 (5th Cir. 2013) (citing *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010)). Petitioner's pro se filings before the state courts do not generally refer to the dates they were delivered to prison authorities, so they will be deemed filed as of the dates they were signed. *See Reisinger v. Lumpkin*, 2021 WL 1814696, at *1 n.3 (N.D. Tex. May 5, 2021); *see also United States v. Rosenblum*, 2005 WL 3262548, at *1 (S.D. Tex. Nov. 29, 2005) (citing *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001)).

out that the appeal had been denied upon writing to the clerk of court in late October 2012. (*Id.* at 2-3). The TCCA denied Petitioner's motion on December 11, 2012.[6] (*Id.* at 1).

On January 21, 2013, Petitioner filed a pro se motion for free copies of the trial transcript and record for the stated purpose of preparing and filing a state habeas application under Article 11.07 of the Texas Code of Criminal Procedure. (Dkt. No. 15-36 at 343-50).

On May 24, 2013, the trial court denied Petitioner's motion for the transcript and record. (*Id.* at 362-63).

On July 1, 2013, Petitioner filed a motion in the trial court seeking the appointment of counsel for the purpose of filing a state habeas application. (*Id.* at 327-330). The trial court eventually denied the motion for appointment of counsel. (*Id.* at 408-09). Petitioner appealed to the Thirteenth Court of Appeals. (*Id.* at 417).

On February 20, 2014, the appeal was dismissed as untimely and insofar as the denial of the motion for appointment was not an appealable order. *See Delgado v. State*, 2014 WL 689652, at *1 (Tex. App.—Corpus Christi-Edinburg Feb. 20, 2014, no pet.) (mem. op.) (per curiam).

On October 13, 2014, Petitioner filed with the trial court the first of three state habeas applications under Article 11.07, raising at least four claims, including the jury instruction claim raised here, but not the evidentiary insufficiency claim. (Dkt. No. 15-33 at 5-45).

On February 18, 2015, the TCCA denied the first application without a written order on findings made by the trial court. (Dkt. No. 15-31).

---

[6] The motion was denied pursuant to Rule 50 of the Texas Rules of Appellate Procedure. (Dkt. No. 15-41 at 1). For reference, the historical Rule 50, which was abolished in 2011, generally provided that the court of appeals retained jurisdiction for 30 days after the filing of a petition for discretionary review to summarily reconsider and correct or modify its opinion or judgment. While the basis for the TCCA's denial is not entirely clear, that procedural decision is not up for review in the context of the instant federal habeas proceeding. *See Bautista v. Dretke*, 2004 WL 2049301, at *2 (N.D. Tex. Sept. 13, 2004), *report and recommendation adopted*, 2004 WL 2534234 (N.D. Tex. Nov. 4, 2004).

On March 1, 2015, Petitioner filed a motion for free copies of the court record and the prosecutor's file. (Dkt. No. 15-36 at 427-29).

On April 1, 2015, the trial court denied Petitioner's motion for the court record and the prosecutor's file. (*Id.* at 451-52).

Through a letter dated August 15, 2015, Petitioner inquired with the clerk for the trial court as to the cost for purchasing copies of the clerk's record and the reporter's record. (*Id.* at 453). The clerk sent Petitioner a bill of costs and an invoice the following month. (*Id.* at 455-56). There is no indication, however, that Petitioner ultimately paid for the documents.

On August 18, 2016, Petitioner filed his second state habeas application, claiming that appellate counsel rendered ineffective assistance in failing to advise Petitioner of the results of the direct appeal and availability of discretionary review. (*Id.* at 459-493).

On November 30, 2016, the TCCA denied the second application without written order under § 4 of Article 11.07, which generally prohibits subsequent applications. (Dkt. No. 15-34).

On December 30, 2019, Petitioner filed his third application, claiming that newly discovered evidence contradicted the evidence presented at trial.[7] (Dkt. No. 15-40 at 67-101).

On October 21, 2020, the TCCA denied the third application without written order as another subsequent application.[8] (Dkt. No. 15-37).

On March 8, 2021, Petitioner filed the Petition in this case.[9] (Dkt. No. 1).

---

[7] Petitioner later sought to supplement the third application with a claim of ineffective assistance of trial counsel. (Dkt. No. 15-40 at 120-124).

[8] During the interim, Petitioner filed and the TCCA denied a motion to stay the proceedings until the trial court issued findings of fact on the supplemental ground. (*See* Dkt. Nos. 15-38 & 15-39).

[9] This is the date Petitioner declares he placed the Petition in the prison mailing system. (Dkt. No. 1 at 10). Like Texas' prison mailbox rule, a pro se prisoner's federal habeas petition is deemed filed when it is handed to authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998) (per curiam).

On August 17, 2021, Respondent filed the Summary Judgment Motion, raising the limitations and exhaustion defenses. (Dkt. No. 17).

Petitioner was then advised by the undersigned that, pursuant to Rules 7.3 and 7.4 of the Local Rules of the United States District Court for the Southern District of Texas, any response was due within 21 days. (Dkt. No. 18).

On August 31, 2021, Petitioner filed the Motion to Stay.[10] (Dkt. No. 20).

## II. LEGAL STANDARDS

**A. Limitations**

1. <u>The One-Year Period</u>

A federal habeas corpus petition filed after April 24, 1996, the effective date of the AEDPA, is subject to a one-year limitations period found at 28 U.S.C. § 2244(d). *See Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998).

Pursuant to § 2244(d)(1), the limitations period runs from the latest of four possible dates:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

---

[10] This is the date Petitioner signed the motion. (Dkt. No. 20 at 1). Petitioner also submits what appears to be a second version of the motion dated September 2, 2021. (Dkt. No. 21).

Typically, the limitations period will begin to run under subsection (d)(1)(A), or the date on which the judgment became "final." *See id.* § 2244(d)(1)(A).

2. Statutory Tolling

Where certain circumstances are met, the limitations period is automatically subject to statutory tolling. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under [subsection (d)]." 28 U.S.C. § 2244(d)(2). A state habeas application made pursuant to Article 11.07 qualifies as an "application for State post-conviction review." *See Thomas v. Davis*, 2020 WL 8413598, at *3 (S.D. Tex. Oct. 13, 2020), *report and recommendation adopted*, 2021 WL 372796 (S.D. Tex. Feb. 2, 2021).

According to § 2244(d)(2), "a state post-conviction application triggers statutory tolling only if it is 'properly filed' and only while it remains 'pending.'" *Leonard v. Deville*, 960 F.3d 164, 168 (5th Cir. 2020). A state habeas application is "properly filed" if it "conforms with a state's applicable procedural filing requirements[,]" *Villegas v. Johnson*, 184 F.3d 467, 470 (5th Cir. 1999), meaning "those prerequisites that must be satisfied before a state court will allow a petition to be filed and accorded some level of judicial review[,]" *id.* at 470 n.2. An application that is not properly filed will not toll the limitations period. *See Davis v. Quarterman*, 342 F. App'x 952, 953 (5th Cir. 2009) (per curiam). A state court's ruling as to whether an application is properly filed is generally dispositive. *See Koumjian v. Thaler*, 484 F. App'x 966, 968 (5th Cir. 2012) (per curiam).

Although the federal courts "are sensitive to state law when determining whether a motion is still 'pending,' federal law still determines the time limits under AEDPA." *Lookingbill v.*

*Cockrell*, 293 F.3d 256, 262 (5th Cir. 2002), *cert. denied*, 537 U.S. 1116 (2003). In the context of § 2244(d)(2), "a state habeas application is pending . . . as long as the ordinary state collateral review process is in continuance, or, in other words, until the application has achieved final resolution through the State's post-conviction procedures." *Grillette v. Warden, Winn Corr. Ctr.*, 372 F.3d 765, 769 (5th Cir. 2004) (quoting *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002)) (quotations omitted). Included in this period is the day the application is filed through the day it is decided. *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009).

Irrelevant for purposes of statutory tolling, however, is a state habeas application filed after the limitations period under the AEDPA has already expired. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

3. <u>Equitable Tolling</u>

The limitations period is not jurisdictional and thus subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is available only where the petitioner bears the burden of showing (i) the diligent pursuit of their rights, and (ii) that some extraordinary circumstance stood in their way and prevented timely filing. *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (per curiam) (citing *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000) (per curiam)).

The diligence required for equitable tolling "is 'reasonable diligence,' not 'maximum feasible diligence.'" *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012) (quoting *Holland*, 560 U.S. at 653). In establishing diligence, a petitioner must refer to specific actions taken in pursuit of their rights, including that they attempted to contact their attorney for information and

documents, requested documents from the clerk of court, or sought new counsel. *See Holland*, 560 U.S. at 653; *see also United States v. Barnes*, 2020 WL 6931287, at *2 (M.D. La. Nov. 24, 2020). Waiting too long to act, however, may cut against the petitioner. *See Haarmann v. Thaler*, 2011 WL 5155705, at *4 (S.D. Tex. Oct. 28, 2011). A petitioner must exercise diligence even if they receive inadequate legal representation, are abandoned by counsel, or otherwise fail to hear from counsel about the status of their case. *Manning*, 688 F.3d at 184 n.2, 185-86.

As for extraordinary circumstances, a pro se prisoner's ignorance of the law does not suffice. *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000). Nor does a garden variety claim of excusable neglect, such as a simple miscalculation that leads to a missed filing deadline. *Holland*, 560 U.S. at 651-52 (quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)) (quotations omitted); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002) ("[M]ere attorney error or neglect is not an extraordinary circumstance . . . ."), *cert. denied*, 539 U.S. 918 (2003). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (per curiam). Typically, the petitioner must show they were actively misled about or prevented from asserting their rights. *See Patterson*, 211 F.3d at 930-31.

**B. Exhaustion**

A petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Section 2254(b) provides in this regard as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or

> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b).

A petitioner has "exhausted" their state remedies where they have fairly presented the substance of their claims to the state courts. *Vela v. Estelle*, 708 F.2d 954, 958 (5th Cir. 1983). Generally, this requires presenting those claims to the highest court of the state on either direct or collateral review. *Busby v. Dretke*, 359 F.3d 708, 723 (5th Cir. 2004). For such purposes, the TCCA is the highest court in the state of Texas. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). "Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the [TCCA] in either a petition for discretionary review or a postconviction habeas corpus application pursuant to [Article 11.07]." *Jones v. Stephens*, 2013 WL 6869592, at *1 (N.D. Tex. Dec. 30, 2013) (citing *Anderson v. Johnson*, 338 F.3d 382, 388 n.22 (5th Cir. 2003)).

It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982)) (quotations omitted). A petitioner has not exhausted their claims when they present, on federal habeas review, new legal theories distinct from those raised before the state court. *Nickleson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015). Moreover, "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

Unexhausted claims may not provide the basis for habeas relief unless there is an applicable exhaustion exception or the state waives an exhaustion defense. *See Mercadel v. Cain*, 179 F.3d

271, 276-77 (5th Cir. 1999) (per curiam). A state's waiver of an exhaustion defense must be express and made through counsel. 28 U.S.C. § 2254(b)(3). Notwithstanding a petitioner's failure to exhaust, a federal court may deny a petition on the merits. 28 U.S.C. § 2254(b)(2); *Jones v. Jones*, 163 F.3d 285, 299 (5th Cir. 1998).

A § 2254 petition containing both exhausted and unexhausted claims is considered a "mixed" petition. *Alexander v. Johnson*, 163 F.3d 906, 908 (5th Cir. 1998). A mixed petition must ordinarily be dismissed without prejudice unless there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *Id.* (quoting 28 U.S.C. § 2254(b)(1)(B)) (quotations omitted). Where the interplay between this dismissal requirement and the AEDPA's limitations period risks a petitioner's opportunity for any federal review of their unexhausted claims, however, a mixed petition may be stayed pending exhaustion of state court remedies. *See Rhines v. Weber*, 544 U.S. 269, 274-75, 277 (2005).

"Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Id.* at 277. Moreover, even if there is good cause, a stay is only appropriate if the unexhausted claims are not "plainly meritless." *Id.* A claim is plainly meritless where it would be barred by the AEDPA's limitations period. *Thomas v. Cain*, 2006 WL 220838, at *1 (W.D. La. Jan. 27, 2006) (citing *Neville v. Dretke*, 423 F.3d 474, 480-81 (5th Cir. 2005)).

A mixed petition may otherwise be dismissed on the merits. *See* 28 U.S.C. § 2254(b)(2).

Where a claim is denied on the merits or an independent procedural ground, such as limitations, there is no need for the district court to address exhaustion. *See Williams v. Thaler*, 2009 WL 4858064, at *1 n.2 (N.D. Tex. Dec. 14, 2009).

### III. ANALYSIS

The matters relating to the AEDPA's limitations period and the failure to exhaust state remedies will be addressed in turn.

**A. Limitations**

An analysis of the limitations issue begins with determining when Petitioner's conviction became final for purposes of § 2244(d)(1)(A).[11]

It is Respondent's position that the conviction became final on May 9, 2011, or 30 days after the court of appeals dismissed the direct appeal and the time expired for filing a petition for discretionary review by the TCCA. (Dkt. No. 17 at 13). Normally, where no petition for discretionary review is filed, finality coincides with the deadline for seeking such review. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In advancing this position, Respondent argues that "[Petitioner's] motion for an out-of-time petition for discretionary review did not affect the date of finality because the motion itself does not constitute direct or collateral review, and its rejection meant that no review subsequently occurred." (Dkt. No. 17 at 14). Respondent is technically correct that an "unsuccessful motion to file an out-of-time petition for discretionary review does not serve to reopen [a] final conviction."[12] *Hart v. Stephens*, 2013 WL 3863870, at *2 (N.D. Tex.

---

[11] The alternative start dates for the running of the limitations period recognized by § 2244(d)(1)(B) through (D) do not appear to apply.

[12] On the other hand, if a defendant is allowed to file an out-of-time appeal during state collateral review, but before they file for federal habeas relief, the limitations period is effectively "reset" such that the conviction becomes final at "the conclusion of the out-of-time direct appeal, or the expiration of the time for seeking review of that [out-of-time] appeal." *Jimenez v. Quarterman*, 555 U.S. 113, 120-21 (2009).

July 25, 2013) (citing *Jimenez v. Quarterman*, 555 U.S. 113, 119-21 (2009)); *see also Hale v. Thaler*, 2009 WL 4796470, at *2-3 (N.D. Tex. Dec. 11, 2009).

That said, Respondent fails to acknowledge the filing and potential effect of appellate counsel's motion for extension of time to seek a rehearing. Indeed, at least one district court in the Fifth Circuit has assumed that where, as here, a motion for extension of time to seek rehearing by the court of appeals is granted, but no motion for rehearing is ultimately filed, the conviction becomes "final" 30 days after the extended deadline for the filing of the motion for rehearing.[13] *See Flores v. Quarterman*, 2008 WL 540908, at *3 (S.D. Tex. Feb. 23, 2008). As detailed above, the deadline to file a motion for rehearing was extended by the court of appeals through May 24, 2011, and 30 days thereafter fell on June 23, 2011.

Here, out of an abundance of caution, and because the outcome as to the application of the time-bar is unaffected, it will be assumed that Petitioner's conviction became "final" on June 23, 2011. Finality was not affected by Petitioner's unsuccessful motion to file an out-of-time petition for discretionary review. Absent tolling, the limitations period under the AEDPA was thus set to expire one year after the conviction became final, or June 25, 2012.[14]

More than two years later, in October 2014, Petitioner filed his state habeas application. This application did not operate to trigger statutory tolling because it was filed after the limitations period had already expired, as were Petitioner's two subsequent state habeas applications. Also insufficient for purposes of statutory tolling were Petitioner's motion for appointment of state

---

[13] Another court has deemed, under similar circumstances, that the conviction becomes final on the last day of the extended period to request rehearing. *See Brown v. Dretke*, 2004 WL 3045197, at *1-2 (N.D. Tex. Dec. 7, 2004), *report and recommendation adopted*, 2004 WL 3048582 (N.D. Tex. Dec. 30, 2004).

[14] This date accounts for the last day of the limitations period falling on a Saturday. *See Carter v. Director, TDCJ-CID*, 2018 WL 3245083, at *3 (E.D. Tex. Mar. 21, 2018), *report and recommendation adopted*, 2018 WL 3239702 (E.D. Tex. July 3, 2018).

habeas counsel and appeal, *see Durham v. Quarterman*, 2007 WL 3229161, at *2-3 (N.D. Tex. Oct. 31, 2007), let alone his transcript and record requests, *see Sellers v. Rader*, 2011 WL 1191947, at *3 (E.D. La. Feb. 25, 2011) (citing *Osborne v. Boone*, 1999 WL 203523, at *2 (10th Cir. Apr. 12, 1999)), *report and recommendation adopted*, 2011 WL 1130375 (E.D. La. Mar. 25, 2011).

It was not until March 2021—or almost nine years past the limitations deadline—that the Petition was filed, and the record does not show that Petitioner is entitled to equitable tolling.

Recognizing that the Petition is untimely, Petitioner offers several circumstances in support of equitable tolling of the limitations period. Petitioner states that he—

> is a Cuban national who cannot read, write, or speak English, and has no knowledge [of] State or Federal law. Therefore, [Petitioner] . . . relied on the assistance of other State offenders to aid him in [filing] his State habeas [applications]. [Petitioner] became aware of his right to seek Federal [habeas] relief [under § 2254] on December 7, 2020 . . . while discussing his case with a new cellmate.

(Dkt. No. 2 at 2). Petitioner's cellmate, a Roy Bolinger, echoes some of these allegations, offering through an unsworn declaration as follows:

> On December 7, 2020, I was re-classified and housed in the same cell as [Petitioner]. Later that day, [Petitioner] and I were having a conversation [in] Spanish, since [Petitioner] [does] not seem to speak or understand English[.] During our conversation, I told [Petitioner] that I was currently studying to become a paralegal. At that point, [Petitioner] began to discuss his case with me.
>
> [Petitioner] informed me that his appellate attorney did not tell him that he had lost his direct appeal. [Petitioner] said [that] the way he found out was when another offender came across the opinion written by the [court of appeals] in the law library . . . .
>
> [Petitioner] went on to tell me that he had other offenders help him with three [state habeas applications under Article 11.07]—all denied without written order. When I asked [Petitioner] if he filed a [§ 2254 petition], he stated that he did not know what one was. After I explained to [Petitioner] what a [§ 2254 petition] was, he told me that he had never heard of it and did not know that he could file one. I then told [Petitioner] that I would help him file an out-of-time [§ 2254 petition], . . . which I have done.

(Dkt. No. 3 at 1-2).

Petitioner tries to explain the reasons for the untimeliness of the Petition at the expense of any real discussion over whether he was diligent in seeking relief. The state court record reveals that Petitioner did attempt to seek review of his conviction by filing his motion for an out-of-time discretionary review, motions for court records, and state habeas applications. But these attempts were by no means regular, otherwise leaving obvious gaps during the state post-conviction proceedings. For example, after the denial of the second state application in November 2016, Petitioner waited until December 2019 to file his third state habeas application. This three-year gap—or period of inactivity—between Petitioner's second and third state habeas applications does not reflect diligence in preserving federal review. *See Morris v. Director, TDCJ-CID*, 2018 WL 7575199, at *5 (E.D. Tex. Oct. 2, 2018), *report and recommendation adopted*, 2019 WL 1125975 (E.D. Tex. Mar. 11, 2019) (no reasonable diligence where petitioner "waited some three and a half years after his motion for extension of time to file an out-of-time petition for discretionary review was denied before filing his first state habeas corpus application"). Also falling short of reasonable diligence was the fact that Petitioner waited four months after the denial of his third state application to file for federal relief. *See Palacios v. Stephens*, 723 F.3d 600, 607 (5th Cir. 2013) ("[The Fifth Circuit] [has] held that state prisoners who were aware that their state post-conviction proceedings were no longer pending and waited to file federal habeas petitions between four and six months after the AEDPA limitations period began to run did not exercise reasonable diligence."). It is well established that equity is not intended for those who sleep on their rights. *Mathis*, 616 F.3d at 474 (quoting *Wilson*, 442 F.3d at 875) (quotations omitted).

Taking Petitioner at his word, he likely persisted in pursing state court remedies—rather than filing for federal habeas relief—out of ignorance of the law. That said, Petitioner's status as a pro se litigant, his inability to speak or read English, and his unfamiliarity with the law in

general—or the availability of federal habeas relief in particular—are not extraordinary circumstances. *See Madden v. Thaler*, 521 F. App'x 316, 323 (5th Cir. 2013) (per curiam) (citing *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999)) ("[N]either . . . *pro se* status nor . . . unfamiliarity with the law suffices as a basis for equitable tolling."); *see Harvey v. Lumpkin*, 2021 WL 3145660, at *3 (W.D. Tex. July 26, 2021) (citing *United States v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008)) (no extraordinary circumstances where petitioner was unaware of his right to seek federal habeas corpus relief); *Gonzalez v. Quarterman*, 2008 WL 4055779, at *4 (N.D. Tex. Aug. 20, 2008) (collecting cases for the proposition that the "[i]nability to speak or read the English language is a disability common to a large number of inmates in the prison system and as such it does not warrant equitable tolling"). Nor does Petitioner assert that he was actively misled or prevented by others from timely filing the Petition. The fact that appellate counsel may have been negligent in failing to advise Petitioner about the outcome of the direct appeal does not rise to the level of active prevention. *See Flowers v. Director, TDCJ-CID*, 2007 WL 4436903, at *1-2 (E.D. Tex. Dec. 18, 2007) (citing *Salinas v. Dretke*, 354 F.3d 425, 432 (5th Cir. 2004), *cert. denied*, 541 U.S. 1032 (2004)) (no extraordinary circumstances where petitioner alleged that appellate counsel provided ineffective assistance by failing to notify that conviction had been affirmed on appeal and by failing to advise of right to file a petition for discretionary review); *see also Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000) (per curiam) ("An alleged violation of [the petitioner's right to effective assistance of appellate counsel] does not toll the AEDPA's statute of limitations."); *Cousin*, 310 F.3d at 848-49.

Because the Petition was filed after the limitations period had already expired, and equitable tolling does not otherwise apply, Petitioner's request for § 2254 relief is time-barred.

B. **Exhaustion**

As an alternative to the limitations defense, Respondent contends that Petitioner's evidentiary insufficiency claim is unexhausted. (Dkt. No. 17 at 8-9, 19-23). Petitioner has responded through the filing of the Motion to Stay, where he moves to stay this case so that he may take the opportunity to exhaust the claim before the TCCA. (Dkt. No. 20). Because Petitioner's claims are clearly time-barred, however, it is unnecessary to address the exhaustion defense. *See Williams*, 2009 WL 4858064, at *1 n.2. The time-bar also renders Petitioner's evidentiary insufficiency claim "plainly meritless," such that there is no reason to stay these proceedings in abeyance. *See id.* at *1; *see also Thomas*, 2006 WL 220838, at *1.

## IV. CONCLUSION

### *Recommendation*

After review of the record and relevant law, the Magistrate Judge respectfully RECOMMENDS that the Motion to Stay (Dkt. Nos. 20 & 21) be DENIED, that the Summary Judgment Motion (Dkt. No. 17) be GRANTED insofar as Respondent moves to dismiss the Petition on limitations grounds, that the Petition (Dkt. No. 1) be DENIED, and that this case be DISMISSED as time-barred.

### *Certificate of Appealability*

The Magistrate Judge must also address the matter of the issuance of a certificate of appealability ("COA"). A petitioner may not appeal the final order of a habeas corpus proceeding "unless a circuit justice or judge issues a [COA]." 28 U.S.C. § 2253(c)(1). Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts instructs that the District Court "must issue or deny a [COA] when it enters a final order adverse to the applicant." A petitioner is entitled to a COA when he shows that a reasonable jurist would find it debatable "whether the

petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 478 (2000); 28 U.S.C. § 2253(c). Because the Magistrate Judge concludes that Petitioner fails to meet this threshold, the Magistrate Judge accordingly RECOMMENDS that a COA be DENIED.

### *Objections*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to Petitioner via certified mail, return receipt requested, and to Respondent by any receipted means.

DONE at McAllen, Texas this 30th day of September 2021.

J. SCOTT HACKER
United States Magistrate Judge