United States District Court
Southern District of Texas
FILED

SEP 02 2022

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
September 02, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| NELSON GARCIA DELGADO, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:21-CV-0092 |
| § | |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## REPORT AND RECOMMENDATION

The undersigned Magistrate Judge previously issued a report and recommendation for the dismissal of Petitioner NELSON GARCIA DELGADO's request for collateral relief under 28 U.S.C. § 2254. (Dkt. No. 22). More specifically, the Magistrate Judge concluded that Petitioner filed his request outside the applicable one-year limitations period and that Petitioner was not otherwise entitled to equitable tolling based merely on factors like his pro se status, lack of familiarity with the law, and inability to understand the English language. (*Id.* at 12-16). On March 31, 2022, the District Judge adopted the report and recommendation and dismissed the case. (Dkt. Nos. 27, 28). Petitioner has since submitted a motion for relief from judgment for a mistake of fact pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure (the "Motion"). (Dkt. No. 29). Through the Motion, Petitioner argues once again for equitable tolling on grounds that he does not speak English, there is no one who speaks [his native language] working at the prison law library, and there is no one skilled in the law working at the library.[1] (*Id.* at 1).

---

[1] Where a prisoner who formerly sought collateral relief files a Rule 60(b) motion, "the first task is to determine whether the motion is properly brought under Rule 60(b), or whether it is a disguised attempt to file an unauthorized second or successive [request for collateral relief]." *United States v. Deem*, 2022 WL 1040312, at *1 (W.D. La. Apr. 6, 2022). This threshold determination is important because the filing of a

This matter was referred to the Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1). Upon review of the record and relevant law, the Magistrate Judge RECOMMENDS that the Motion (Dkt. No. 29) be DENIED. The Magistrate Judge also RECOMENDS that a certificate of appealability be DENIED.

## I. LEGAL STANDARD

The Federal Rules of Civil Procedure apply to § 2254 cases. *See* Fed. R. Civ. P. 81(a)(4); *see also* Rule 12, Rules Governing Section 2254 Cases for the United States District Courts (the "Section 2254 Rules"). This includes Rule 60 to the extent it is not inconsistent with applicable federal statutes and rules. *Taylor v. Cain*, 2020 WL 1812800, at *2 (E.D. La. Apr. 9, 2020) (quoting Rule 12, Section 2254 Rules) (quotations omitted). Under Rule 60(b), a district court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1)

---

second or successive § 2254 petition must first be approved by a panel of the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). Absent prior authorization by the appeals court, a district court lacks jurisdiction to entertain a second or successive petition. *See Crone v. Cockrell*, 324 F.3d 833, 836 (5th Cir. 2003) (citing 28 U.S.C. § 2244(b)(3)(A)). "A Rule 60(b) motion is a successive petition if it 'advances one or more claims' by 'seek[ing] to add a new ground for relief' or 'attack[ing] the previous resolution of a claim on the merits.'" *Gamboa v. Davis*, 782 F. App'x 297, 300 (5th Cir. 2019) (per curiam) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)). There are two circumstances, however, in which a district court may properly consider a Rule 60(b) motion in a § 2254 proceeding: (1) the motion attacks a defect in the integrity of the federal habeas proceeding, or (2) the motion attacks a procedural ruling which precluded a merits determination. *Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018) (citing *Gonzalez*, 545 U.S. at 532) (quotations omitted). The Fifth Circuit "construes these exceptions narrowly to include '[f]raud on the habeas court' or 'erroneous previous ruling[s] which precluded a merits determination,' such as the denial of a petition for 'failure to exhaust, procedural default, or statute-of-limitations bar." *Gamboa*, 782 F. App'x at 300 (quoting *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014)). Here, because the District Judge concluded that the § 2254 petition was time-barred and did not otherwise make any alternative rulings as to the merits of Petitioner's claims, the Rule 60(b) motion is not a second or successive habeas petition. *See, e.g., Will v. Lumpkin*, 978 F.3d 933, 939 (5th Cir. 2020) ("Will's Rule 60(b) motion—attacking a procedural ruling paired with a merits determination in the alternative—is a successive habeas petition that we lack jurisdiction to consider."); *Hernandez v. Dir. TDCJ-CID*, 2021 WL 2517696, at *1 n.2 (N.D. Tex. May 14, 2021) ("Here, Petitioner challenges the denial of his petition as time-barred, so his Rule 60(b) motion is not a second or successive habeas petition."), *report and recommendation adopted*, 2021 WL 2516077 (N.D. Tex. June 18, 2021); *Stewart v. Vannoy*, 2020 WL 5437770, at *2 (W.D. La. Sept. 10, 2020) ("In this case, Stewart seeks to challenge a procedural ruling which prevented the Court from reaching the merits of his habeas claims and the Court made no alternative holdings regarding the merits of his claims. As such, the Court can properly consider Stewart's Rule 60(b) motion.").

mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied; or (6) "any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b). A Rule 60(b) motion "must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

## II. ANALYSIS

Here, Petitioner is not entitled to relief under Rule 60(b) because he does not identify any mistake of fact but, rather, rehashes arguments that were previously raised and rejected as to the matter of equitable tolling. *See Lyles v. Seacor Marine, Inc.*, 555 F. App'x 411, 412 (5th Cir. 2014) (per curiam) (citing *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir.2007)) ("A Rule 60(b) motion is not an opportunity to rehash prior arguments."); *see also Rice v. Dir. TDCJ-CID*, 2022 WL 494376, at *3 (N.D. Tex. Jan. 25, 2022) (concluding that Rule 60(b) motion should not be treated as a second or successive habeas petition insofar it challenged prior ruling that claims were unexhausted but that motion should be denied because it "merely rehashe[d] arguments previously raised and rejected"), *report and recommendation adopted*, 2022 WL 487924 (N.D. Tex. Feb. 17, 2022).

## III. CONCLUSION

### *Recommended Disposition*

As such, the Magistrate Judge RECOMMENDS that the Motion (Dkt. No. 29) be DENIED.

### *Certificate of Appealability*

The Magistrate Judge must also address the matter of the issuance of a certificate of appealability ("COA"). *See Canales v. Quarterman*, 507 F.3d 884, 887-88 (5th Cir. 2007) (holding that a habeas petitioner must obtain a COA to appeal the denial of a Rule 60(b) motion).

A movant may not appeal the final order of a collateral proceeding "unless a circuit justice or judge issues a [COA]." 28 U.S.C. § 2253(c)(1). Rule 11 of the Section 2255 Rules instructs that the District Court "must issue or deny a [COA] when it enters a final order adverse to the applicant." A movant is entitled to a COA when he shows that a reasonable jurist would find it debatable "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c). Having concluded that Movant fails to meet this threshold, the Magistrate Judge RECOMMENDS that the District Court deny a COA.

### *Notice to Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to the parties by any receipted means.

DONE at McAllen, Texas this 2nd day of September 2022.

J. SCOTT HACKER
United States Magistrate Judge