United States District Court
Southern District of Texas
FILED

MAY 26 2023

Nathan Ochsner, Clerk

United States District Court
Southern District of Texas
ENTERED
May 26, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| NELSON GARCIA DELGADO, § | |
| § | |
| Petitioner, § | |
| § | |
| VS. § | CIVIL ACTION NO. 7:21-CV-0092 |
| § | |
| BOBBY LUMPKIN, Director, § | |
| Texas Department of Criminal Justice, § | |
| Correctional Institutions Division, § | |
| § | |
| Respondent. § | |

## AMENDED REPORT AND RECOMMENDATION

Petitioner NELSON GARCIA DELGADO, a state prisoner proceeding pro se, has filed an application to proceed in forma pauperis on appeal from the recent denial of his motion for relief under Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. Nos. 39, 41). The application has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). After review of the record and relevant law, the Magistrate Judge RECOMMENDS that Petitioner's application to proceed in forma pauperis on appeal (Dkt. Nos. 39, 41) be DENIED and that the District Judge certify that the appeal of this case is not taken in good faith.[1]

### I. BACKGROUND

The Magistrate Judge previously issued a report and recommendation for the dismissal of Petitioner's request for collateral relief under 28 U.S.C. § 2254. (Dkt. No. 22). More specifically,

---

[1] The Magistrate Judge first entered a report and recommendation for the denial of the application on May 16, 2023. (Dkt. No. 40). Less than a week later, the clerk received from Petitioner a second in forma pauperis application, which appears to merely update Petitioner's financial information and is accompanied by a prison trust fund account statement. (*See* Dkt. No. 41; *see also* Dkt. No. 42). That second filing is dated May 16, 2023, or the same day as the report and recommendation, meaning that Petitioner was unaware of the report and recommendation at the time that he submitted the second filing. The Magistrate Judge enters this amended report and recommendation for the purpose of disposing of both in forma pauperis filings.

the Magistrate Judge concluded that Petitioner filed his request outside the applicable one-year limitations period and that Petitioner was not otherwise entitled to equitable tolling based merely on factors like his pro se status, lack of familiarity with the law, and inability to understand the English language. (*Id.* at 12-16). The District Judge adopted the report and recommendation and dismissed the case. (Dkt. Nos. 27, 28).

Petitioner then submitted a motion for relief from judgment for a mistake of fact under Rule 60(b). (Dkt. No. 29). Petitioner argued again for equitable tolling insofar as he does not speak English, there is no one who speaks his native language at the prison law library, and there is no one skilled in the law working at the library. (*Id.* at 1). The Magistrate Judge issued a report and recommendation for the denial of the Rule 60(b) motion. (Dkt. No. 31). Petitioner was not entitled to relief, the Magistrate Judge concluded, because he did not identify any mistake of fact but, rather, rehashed arguments that were previously raised and rejected. (*Id.* at 3). The District Judge adopted the report and recommendation, denying the Rule 60(b) motion. (Dkt. No. 33).

Petitioner responded by filing what the Magistrate Judge construed as a notice of appeal from the Rule 60(b) motion's denial. (*See* Dkt. Nos. 34, 35). The clerk subsequently issued a notice non-compliance for Petitioner's failure to pay the appellate filing fee. (Dkt. No. 38). Plaintiff then submitted the pending application to proceed in forma pauperis.[2] (Dkt. Nos. 39, 41).

## II. LEGAL STANDARDS

A prisoner seeking to appeal a civil judgment must file an affidavit of indigency together with a certified copy of their prisoner trust fund account statement for the six-month period preceding their notice of appeal. *See* 28 U.S.C. § 1915(a)(1), (2); *see also* Fed. R. App. P. 24(a)(1)(A). Through the affidavit, the prisoner must claim an entitlement to redress. 28 U.S.C.

---

[2] Petitioner did not previously move to proceed in forma pauperis in the underlying habeas action but opted instead to pay the applicable $5 filing fee. *See* 28 U.S.C. § 1914(a).

§ 1915(a)(1); Fed. R. App. P. 24(a)(1)(B). They must also state the issues to be presented on appeal. 28 U.S.C. § 1915(a)(1); Fed. R. App. P. 24(a)(1)(C).

If the district court grants the application to proceed in forma pauperis, the prisoner may proceed on appeal without prepayment of the filing fee, although they must eventually pay the entirety of the fee via installments. *See* Fed. R. App. P. 24(a)(2); *see also* 28 U.S.C. § 1915(a)(1), (b)(1), (b)(2). If the district court denies the prisoner's application, it must state its reasons in writing. Fed. R. App. P. 24(a)(2).

Under § 1915(a)(3) of the Prison Litigation Reform Act, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3). An appeal is not taken in good faith if it fails to present a non-frivolous issue. *See Chapa v. Ingram*, 116 F. App'x 476, 478 (5th Cir. 2004) (per curiam) (citing *Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983)). The determination of whether good faith exists is limited to whether the appeal involves legal points arguable on their merits and therefore not frivolous. *United States v. Moore*, 858 F. App'x 172, 172 (5th Cir. 2021) (per curiam) (quoting *Howard*, 707 F.2d at 220) (quotations and parentheses omitted).

### III. ANALYSIS

Petitioner's application to proceed in forma pauperis should be denied insofar as any appeal would not be taken in good faith. As detailed in the recent report and recommendation adopted by the District Judge, Petitioner is not entitled to Rule 60(b) relief based on a mistake of fact because he merely rehashes arguments that were previously raised and rejected as to the matter of the equitable tolling of his underlying habeas petition. *See Lyles v. Seacor Marine, Inc.*, 555 F. App'x 411, 412 (5th Cir. 2014) (per curiam) (citing *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 269 (5th Cir. 2007)) ("A Rule 60(b) motion is not an opportunity to rehash prior arguments."); *see also*

*Rice v. Dir. TDCJ-CID*, 2022 WL 494376, at *3 (N.D. Tex. Jan. 25, 2022) (recommending denial of Rule 60(b) motion because it "merely rehashe[d] arguments previously raised and rejected"), *report and recommendation adopted*, 2022 WL 487924 (N.D. Tex. Feb. 17, 2022). Any appeal would not present any arguable issues, and, therefore, cannot be described as non-frivolous.

## IV. CONCLUSION

For these reasons, the Magistrate Judge RECOMMENDS that Petitioner's application to proceed in forma pauperis on appeal (Dkt. Nos. 39, 41) be DENIED and that the District Judge certify that the appeal of this case is not taken in good faith.[3]

### *Notice to the Parties*

Within fourteen (14) days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections within fourteen (14) days after service shall bar an aggrieved party from de novo review by the District Court on an issue covered in this report and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of clear error or manifest injustice.

### *Directive to Clerk of Court*

The Clerk of Court is DIRECTED to forward a copy of this report to the parties by any receipted means.

DONE at McAllen, Texas this 26th day of May 2023.

J. SCOTT HACKER
United States Magistrate Judge

---

[3] Where the district court certifies that an appeal is not taken in good faith, an appellant may then either pay the full filing fee and costs for an appeal or contest the certification decision by filing a motion for leave to proceed in forma pauperis with the court of appeals. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).